UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRISTINA BROWN,<br>    Plaintiff,<br><br>    v.<br><br>AMAZON HEADQUARTERS LLC AKA AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br>    Defendants. | Case No. 1:23-cv-00189 (MSN/WEF) |

**<u>MEMORANDUM ORDER AND OPINION</u>**

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. No. 6), Defendant's Motion to Dismiss (Dkt. No. 10), and Plaintiff's Motion to Amend (Dkt. No. 26). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss, deny Plaintiff's Motion to Remand, and deny Plaintiff's Motion to Amend.

**I.     BACKGROUND**

Plaintiff Christina Brown's sister, Poushawn Brown, was an Amazon Warehouse employee from 2018 to 2021. Dkt No. 1-1 ("Compl.") at 4. Christina Brown[1] alleges that the negligence of Defendants Amazon Headquarters LLC AKA Amazon, Inc. and Amazon Logistics, Inc.[2] (collectively, "Amazon") led to her sister's COVID-19 illness and subsequent death in January 2021. *Id.* Brown seeks damages for pain and suffering, funeral expenses, and exemplary damages. *Id.* at 5.

---

[1]     For purposes of clarity, the Court refers to Plaintiff Christina Brown as "Brown" and to her sister, Poushawn Brown, as "Poushawn."

[2]     Brown has named Amazon Headquarters LLC aka Amazon.com, Inc. as one of the defendants. Defendants state that "Amazon Headquarters LLC" is a non-existent entity.

1

Poushawn worked as a delivery driver and package sorter before becoming a "Safety Champion" in Amazon Warehouse's COVID-19 safety department in June 2020. *Id.* As a Safety Champion, Poushawn "was instructed by management to perform COVID-19 tests on other Amazon employees," but did not receive training from a medical professional on how to properly perform the tests. *Id*. Poushawn was not given protective measures—such as an N-93 mask, plexiglass barriers, gloves, or a face shield—to use during these tests. *Id*. Poushawn eventually informed her management that she was experiencing COVID 19 symptoms, but she was still required to come into work. *Id*. Poushawn died as a result of the illness on January 8, 2021. *Id*.

On December 30, 2022, Brown filed her Complaint in Fairfax County Circuit Court. Compl. at 3–4. Amazon filed a Notice of Removal to this Court on February 10, 2023. (Dkt. No. 1). On February 27, 2023, Brown filed a Motion to Remand the case to the Fairfax County Circuit Court, (Dkt. No. 6), to which Amazon timely filed an opposition (Dkt. No. 17).

On March 3, 2023, Amazon filed a Motion to Dismiss. *See* Dkt. Nos. 10, 11. Brown filed an opposition to the motion to dismiss, (Dkt. No. 20), and Amazon filed a reply (Dkt. No. 24).[3]

On April 20, 2023, Brown filed a Motion to Amend her Complaint, seeking to add to her complaint a Certificate of Qualification from the Prince William County Circuit Court stating that she is Poushawn's legal representative. *See* (Dkt. No. 26). Amazon has opposed the motion to amend. (Dkt. No. 29). The Court is satisfied that oral argument would not aid in the decisional process. Accordingly, this matter is ripe for resolution.

---

[3] Brown filed a reply to Amazon's reply, (Dkt. No. 25), which Amazon has moved to strike Brown's sur-reply on grounds that she did not seek leave of Court to make such a filing as is required by Local Rule 7(F)(1), (Dkt. No. 27). Here, Brown indeed failed to comply with the Local Rules. Nevertheless, the Court will accept Brown's filing, as Brown is proceeding *pro se* and the filing does not prejudice Amazon. Indeed, nothing in Brown's sur-reply changes the analysis below.

## II.     LEGAL STANDARDS

When faced with both a motion to remand and a motion to dismiss, a court first assesses the motion to remand and then, if the court determines it has subject matter jurisdiction over the action, proceeds to consider the motion to dismiss. *Burrell v. Bayer Corp.*, 918 F.3d 372, 379–80 (4th Cir. 2019).

Generally, a defendant may remove an action from state court to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law, *see* 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 and is between citizens of different states, *see* 28 U.S.C. § 1332. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

If federal jurisdiction is established, the court proceeds to consider the motions to dismiss. Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See Evans v B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (holding that exclusive-remedies statutes deny district courts appropriate subject matter jurisdiction).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A plaintiff must make more than bald accusations or mere speculation; "naked assertions devoid of further factual enhancement" and "a formulaic

3

recitation of the elements of a cause of action" are insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; see *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

A complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nor does the liberal pleading standard "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Laber v. U.S. Dep't of Defense*, No. 3:21-cv-502, 2021 WL 5893293, at *2 (E.D. Va. Dec. 13, 2021) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990)).

### III.   ANALYSIS

#### A.   MOTION TO REMAND

In her motion to remand, Brown contends that she first served Amazon on January 11, 2023 and again on January 20, 2023. Because Amazon did not file a responsive pleading in the state court proceeding within 21 days of service, Brown appears to argue that Amazon was in default in state court at the time the notice of removal was filed and that, as a result, the notice of removal is in some way defective or improper. *See* Mot. to Remand at 1 (arguing that under "Rule 3:8," "[a] defendant must file pleadings in response within 21 days" and when defense counsel filed its notice of removal, Amazon "was already in default."). But "[a]n entry of default or default judgment in state court does not prevent removal of an action to federal court."[4] *Wasmuth v. Das*,

---

[4]   The Court notes that on February 12, 2023, Brown apparently filed for a Motion for Default Judgment in Fairfax County Circuit Court as to "Amazon Headquarters, LLC." *See* Ex. A. So, as of the date of the removal

4

No. 1:11CV1013, 2013 WL 3461686, at *6 (M.D.N.C. July 9, 2013), report and recommendation adopted, 2013 WL 4519020 (Aug. 26, 2013), *aff'd*, 562 F. App'x 177 (4th Cir. 2014); *see also Hawes v. Cart Prods., Inc.*, 386 F. Supp. 2d 681, 686 (D.S.C. 2005) ("the weight of authority establishes that a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court"). Amazon's failure to file a responsive pleading in state court does not prevent its removal of the action to federal court.

The Court also finds that Amazon's notice of removal was timely. In general, defendants must file their notice of removal of a civil action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Amazon's notice of removal, filed on February 10, 2023, was timely filed regardless of whether Amazon was served on January 11, 2023 (30 days) or January 20, 2023 (21 days).

Brown also appears to argue that state court is the proper forum because Amazon has a "second Headquarters" in Arlington, Virginia. (Dkt. No. 6 at 2). As discussed above, a defendant may remove an action from state court to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists where the amount in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332. Here, Brown seeks more than $75,000 in her Complaint and there appears to be complete diversity, as Brown alleges she is a Virginia citizen and Amazon is a Washington citizen for purposes of diversity. *See* (Dkt. No. 1-1 ¶ 6). A corporation is deemed a citizen "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102

---

(February 10, 2023), there is no evidence that Brown had made any such filing, let alone that any entry of default or default judgment had been entered against any of the Amazon entities identified in this action.

(4th Cir. 2011). A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). To determine the principal place of business, courts consider where the corporation maintains its headquarters and the extent to which the headquarters functions as a "nerve center" for the corporation. *Id.* Defendant Amazon.com, Inc. has established that it is incorporated in Delaware and that its headquarters, which functions as the company's "nerve center," is in Washington state. *See* (Dkt. No. 17 at 7).

The Court finds Amazon's removal to be proper, and Brown's Motion to Remand is denied.

**B.    MOTION TO DISMISS**

**1.    The Virginia Workers' Compensation Act**

Because the Virginia Workers' Compensation Act ("the Act") provides the exclusive remedy for employee injury, including death, arising out of workplace conditions, the Court does not have subject matter jurisdiction over Brown's wrongful death claim. The Act "*exclude[s] all other rights and remedies* of such employee, h[er] personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death." Va. Code § 65.2-307(A) (emphasis added). In exchange for granting workers the right to assert no-fault liability against their employers, the Act specified that workers—and their personal representatives—no longer had the right to sue their employers in tort for negligence. *See Lopez v. Intercept Youth Servs., Inc.*, 861 S.E.2d 392, 394 (Va. 2021). The Act sets up an alternative forum for employees and their personal representatives to seek relief in the manner Brown seeks to here: the Virginia Workers' Compensation Commission. Va. Code § 65.2-200 *et Seq.*; *see also Wiener v. AXA Equitable Life Insurance Company*, 58 F.4th 774, 783 (4th Cir. 2023) (noting that

6

the Act "created an administrative forum for [injured] workers' compensation claims" in the Workers' Compensation Commission).

Brown has brought a wrongful death action against Amazon. Wrongful death claims fall within the scope of the Act only if the injury leading to the employee's death arises out of and in the course of employment. *Lopez*, 861 S.E.2d at 395. Brown argues that Poushawn had "no business" performing her COVID-19 testing responsibilities as a Safety Captain. Compl. at 5. Brown contends that Poushawn's acts were therefore not part of her ordinary course of employment, so her illness and death are removed from the sorts of injury that fall within the Act's scope. (Dkt. No. 20 at 2).

The Court recognizes that Poushawn's duties as a Safety Captain were different from those she originally performed at the Amazon Warehouse. But the fact that Poushawn's duties changed because of the COVID-19 pandemic—and that these new responsibilities allegedly caused Poushawn to contract COVID 19—does not render her death outside the scope of the Act. When an employee's duties result in exposure to contagious and potentially life-threatening illnesses, she can claim to have suffered a compensable injury capable of relief through a workers' compensation adjudication process. *See Frey v. Gunston Animal Hospital & Cincinnati Indemnity Co.*, 573 S.E.2d 307, 312 (Va. Ct. App. 2002) (holding that when an employee "has sustained actual exposures to life threatening infectious diseases in incidents that arose out of and occurred in the course of his employment, the [employee] has suffered compensable injuries under the act and may recover the expenses associated with reasonable medical testing and treatment") (quoting *Doe v. City of Stamford*, 699 A.2d 52, 54 (Conn. 1997)).

Indeed, the court in *Frey*, following the approach that the Supreme Court of Connecticut took in *Doe* assessing the applicability of a compensation scheme in Connecticut similar to that in

Virginia, made clear that exposure to life-threatening illnesses constitutes a compensable injury when it occurs in the performance of one's employment duties. *See Doe*, 699 A.2d at 53 (describing a compensable injury under the state's workers' compensation scheme as one where a police offer was "engaged in the performance of police duties"). *Frey,* likewise, held that a veterinary assistant who sought treatment for rabies exposure could prove a compensable injury under the Act. *See Frey*, 573 S.E.2d. Here, Poushawn's exposure to COVID-19 occurred in the context of her employment duties as a Safety Captain, a role which included the risk of exposure to a contagious and potentially life-threatening illness as part of the job. Because the exclusive mechanism to seek relief for Poushawn's injury and death is thus through the Act, this Court lacks subject matter jurisdiction over Brown's wrongful death claim.

### C. MOTION TO AMEND

Brown has also moved to amend the Complaint to include that she has been named the Administrator of Poushawn Brown's estate. (Dkt. No. 20). Although the Court appreciates Brown's desire to have her Complaint properly reflect the sincerity of her commitment and duty to her sister, the Court may deny leave to amend a complaint when such amendment would be futile. *See Dozier v. Parker*, 2009 WL 1147916, at *3 (E.D. Va. Apr. 28, 2009) (citing *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987)), *aff'd*, 332 F. App'x 847 (4th Cir. 2009); *see also Ingram v. Buckingham Corr. Ctr.*, Civil Action No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011) ("Leave to amend is appropriately denied where the amendment would be futile.") (citing *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000)). Here, amending the Complaint as Brown proposes—bringing the action as Poushawn's personal representative—would be futile given the deficiencies outlined above. Accordingly, the Court will deny Brown's Motion to Amend.

### IV.   CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion to Remand, grants Defendant's Motion to Dismiss, and denies Plaintiff's Motion to Amend. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (Dkt. No. 6) is **DENIED**; it is further

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 10) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Motion to Amend (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED** that Defendants' Motion to Strike (Dkt. No. 27) is **DENIED**.

It is **SO ORDERED**.

\*   \*   \*

Should plaintiff wish to appeal this Memorandum Opinion & Order, plaintiff must file a written notice of appeal with the Clerk of this Court within thirty (30) days of the date of the entry of this Memorandum Opinion & Order. A written notice of appeal is a short statement stating a desire to appeal an order and identifying the date of the order plaintiff wants to appeal. Failure to file a notice of appeal within the stated period waives plaintiff's right to appeal this Memorandum Opinion & Order.

The Clerk is directed to forward copies of the Memorandum Opinion & Order to plaintiff *pro se*, and to close this civil action.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
August 4, 2023